

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2009

# Xiao Yan Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Xiao Yan Lin v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1077.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1077

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2892

XIAO YAN LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99 665 997)
Immigration Judge:  Honorable Miriam K. Mills

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2009

Before:  AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: July 2, 2009)

OPINION

PER CURIAM

Xiao Yan Lin petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing her appeal of the Immigration Judge's ("IJ") decision denying her

applications for relief from removal. We will deny the petition for review.

Lin is a native and citizen of China who came to the United States in 2006. The Immigration and Naturalization Service issued a notice to appear charging that she was subject to removal because she was present in the United States without having been admitted or paroled. Through counsel, Lin conceded that she was removable on this basis. Lin filed applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Lin, who is now 23 years old, testified that she came to the United States because the Chinese government persecuted her for participating in underground Christian church activities. Lin's asylum claim is based on three incidents. Lin testified that in December 2002, while at a school run by the government, the school leader warned her not to tell any of her schoolmates about her religious activities. The school leader wanted her to sign a paper stating that she would not attend the Christian church or discuss her religion. When she refused, two security officers slapped her on the face four or five times. Later, the officers locked her in the Public Security Department. A schoolmate notified one of her parents, who came to school and asked the school to forgive her. Lin's parents asked her to sign the paper and she did so. Lin was required to clean the school bathroom for one week because she violated a rule prohibiting students from discussing their religion at school. Lin stated that in July 2003 the school would not allow her to take the test necessary to go to college because she was poisoned by her religion.

2

Lin further testified that in September 2005, while working in a private supermarket, she placed pamphlets about Christianity with the supermarket's advertisements. As a result, two policeman arrested her and slapped her face. Lin stated that, to avoid further beatings by the police, she admitted to them that she had committed a crime. She was required to pay a fine in order to be released. She stopped working at the supermarket because she felt that people looked at her differently and that the market wanted her to resign.

Lin also testified that in October 2005, while meeting with other church members at a member's house, two government officials arrived. Lin stated that the officials wanted to arrest all of the members, but that she was able to escape through the back door. Lin went to a friend's house and hid there. She did not return home. Lin stated that the police went to her family's house that same day, as well as several times thereafter, and that the police gave a notice to her parents requiring her to report for a government investigation.

Lin also stated that she lives in Philadelphia, that she travels to New York three to four times a month to attend church, and that she was baptized in April 2006. Lin fears that the government will arrest her if she returns to China and that she will be unable to go to church. On cross-examination, Lin stated that her parents still live in China and that they are members of an underground church.

The IJ found Lin not credible based on photographs that she had submitted

depicting herself and others at an underground church as proof of her church membership in China. The IJ noted that, during direct examination, Lin stated that she did not know when or where the photographs were taken, but on cross-examination, Lin stated that the pictures were taken after she left China to show that she had attended church there.

The IJ further found that, even if Lin were credible, she had not been persecuted on account of a protected ground. The IJ explained that Lin acknowledged that she was punished at school for violating a school policy prohibiting all religious discussion, and that she was prohibited from distributing religious materials or any other type of material at the supermarket where she worked. The IJ stated that Lin broke rules of general application, and that she had not shown that she was targeted because she was a Christian. The IJ also noted that Lin was unaware of any harm to the church members who attended the October 2005 underground service that was broken up by government officials.

The IJ also explained that Lin's expressed fear of persecution was diminished by the fact that her parents continue to participate in underground church services unharmed. The IJ stated that affidavits from Lin's father and friend did not strengthen Lin's testimony because their affidavits did not shed any light on the school's policy prohibiting religious discussions or on whether there were arrests when officials arrived at the October 2005 church services. The IJ also noted that Lin did not corroborate her testimony that she was forced to sign a statement that she would no longer attend underground churches or discuss her religion, and that the notice ordering Lin to report

4

for a government investigation did not state when or where she was to report. The IJ concluded that Lin had not established her eligibility for asylum or withholding of removal based on her lack of credibility, corroboration and showing that the harm she suffered was on account of a protected ground. Finally, the IJ denied Lin's CAT claim, noting that Lin had suffered no serious harm at the hands of the government.

The BIA adopted and affirmed the IJ's decision. The BIA stated that the IJ's adverse credibility determination was not clearly erroneous, agreeing that Lin testified inconsistently regarding when and why the photographs she submitted were taken. The BIA further stated that, even assuming that Lin was credible, it agreed with the IJ's determination that Lin failed to establish past persecution on account of a protected ground, and that her claim of a fear of future persecution was undermined by the fact that her parents continue to practice Christianity in China unharmed. The BIA concluded that Lin failed to meet her burden of proof. This petition for review followed.

We review the BIA's factual determinations, including adverse credibility determinations, for substantial evidence. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004); Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003). Under the substantial evidence standard of review, the BIA's findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it. Shardar, 382 F.3d at 323.

Lin challenges the IJ's adverse credibility determination. We need not consider whether the IJ's adverse credibility finding is supported by substantial evidence, however,

5

because substantial evidence supports the BIA's alternative conclusion that, even if credible, Lin did not meet her burden of proof for asylum or withholding of removal.[1]

The IJ concluded that, even if credible, Lin did not establish that she had suffered past persecution on account of her religion based on the incident at her school or the supermarket because she had violated rules of general application. The record reflects that Lin testified that all students were prohibited from discussing their religion at school and that all store employees were prohibited from distributing pamphlets of any nature at work. Lin acknowledged that she had broken these rules. Substantial evidence supports the BIA's decision that Lin did not establish that she suffered past persecution on account of a protected ground based on these incidents.

Our decision is not contrary to Chang v. I.N.S., 119 F.3d 1055, 1060 (3d Cir. 1997), where we recognized that fear of prosecution under laws of general applicability may provide the basis for asylum or withholding of deportation. In order to provide a basis for asylum or withholding of deportation, a generally applicable law must be based on a protected ground and the punishment must be sufficiently extreme to constitute persecution. Id. at 1061. Although the rules at Lin's school were based on religion, Lin's punishment was not sufficiently extreme to constitute persecution. Similarly, Lin's punishment for distributing pamphlets at the supermarket was not was not sufficiently extreme to constitute persecution.

---

[1]Lin has not developed an argument in her brief challenging the denial of CAT relief.

Substantial evidence also supports the BIA's decision that Lin did not suffer past persecution based on government officials' arrival at the October 2005 church meeting. As noted by the IJ, there is no evidence that anyone was harmed or arrested, and Lin fled upon the officials' arrival.

Finally, the record does not compel the conclusion that Lin has a well-founded fear of persecution. The record reflects that Lin's parents remain in China and practice Christianity at church services that are not sanctioned by the government. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (noting that when family members remain in a native country without harm, and there is no individualized showing that the petitioner would be singled out for persecution, the reasonableness of a well-founded fear of persecution is diminished). Although Lin argues that there is no evidence supporting the IJ's and BIA's statements that Lin's parents have not been harmed, Lin presented no evidence that they had been persecuted based on their religion. Lin submitted a letter from her father stating that he had once received a warning from the government for participating in underground church activities. We agree with the Government that, if evidence of harm existed, it was reasonable to expect that Lin would have presented it.

Accordingly, we will deny the petition for review.[2]

---

[2]Lin does not contend that she has a well-founded fear of persecution based on the notice officials purportedly left at her parents' house after the October 2005 incident requiring her to report for an investigation.

7